**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS,**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| ETHEL LOU WEST, | § | |
| | § | |
| PLAINITIFF, | § | CIVIL ACTION NO. 1:15-CV-217-SS |
| | § | |
| V. | § | |
| | § | |
| ATTORNEY GENERAL | § | |
| CHILD SUPPORT, | § | |
| DEFENDANT | § | |

**ORDER ON REQUEST TO PROCEED IN FORMA PAUPERIS**
**AND MOTION TO APPOINT COUNSEL AND**
**REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO: THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff's Complaint [#1], Motion to Proceed in Forma Pauperis [#2], Motion to Appoint Counsel [#3], and Supplement to Complaint [#6]. Because Plaintiff is requesting permission to proceed in forma pauperis, the merits of her claims are subject to initial review pursuant to 28 U.S.C. § 1915(e).

## I. REQUEST TO PROCEED IN FORMA PAUPERIS

The undersigned has reviewed Plaintiff's financial affidavit and determined she is indigent and should be granted leave to proceed in forma pauperis. It is therefore ORDERED that Plaintiff is GRANTED in forma pauperis status and that her complaint be filed without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This

indigent status is granted subject to a later determination the action may be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised, although she has been granted leave to proceed in forma pauperis, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending dismissal of Plaintiff's claims. Therefore, ***service upon Defendants should be withheld*** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendant.

## II. REVIEW OF THE MERITS OF THE CLAIMS

### A. Factual Allegations

Plaintiff [1] alleges the Office of the Attorney General ("OAG") in Dallas, Texas "created a Child Support Case under Ethel Lou Ferrell without my permission against my husband James Jr. West," even though the couple was not divorced and Ms. West (née Ferrell) had not requested child support. Complaint [#1] at 1. Plaintiff asserts this child support case was opened against Mr. West without her permission in retaliation for advice that Mr. West gave her concerning her own child support dispute in or about 2004. *Id.* at 2. Plaintiff's parental rights to a daughter were terminated in 2004, and the child's paternal grandmother took custody of her and refused to allow Plaintiff access to the child. *Id.* Plaintiff alleges James West advised her to refuse to pay

[1] Plaintiff styles this complaint "Ethel Lou West + James Jr. West v. Attorney General Child Support." Compl. [#1]. Only Ethel West has signed the complaint, and as she is not an attorney, she cannot represent James West in this action. *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. Tex. 1998). James West has not filed or joined Plaintiff's complaint and is therefore not a party to this action. *Id.* (a pleading signed by a nonlawyer on his own behalf and on behalf of another is effective only as to the signer.)

child support under these circumstances, and as a result "Child Support stop coming after me; but that's why they are violating James' rights." *Id.*

In addition to the allegation that Child Support opened a retaliatory child support case concerning Plaintiff's children with Mr. West without Plaintiff's permission, Plaintiff's Complaint also contains allegations that Attorney General's office has violated her husband, West's rights concerning a separate ongoing child support dispute with his former spouse, Shanet Lashay Clark, by refusing to allow him to challenge paternity, continuing to make him pay child support while the child is in the custody of CPS, and twice arresting him for failure to pay child support. *Id.* at 1-2. Plaintiff alleges the Child Support Division, by proceeding against and arresting James West, "used" Plaintiff's depression and nerve disorder to "make [her] do things she didn't want to do," including "turning on [her] husband" and "picking wrong people to rely on." *Id.* at 2.

In support of her claims, Plaintiff has attached (1) the citation and original petition in a child support action concerning the two children of Ethel Ferrell and James West, (2) a June 2013 communication from the Dallas County Public Defender's Office to James West (not a party to the instant suit) concerning a contempt order entered against him in Cause No. 09-18430, *In re Interest of West*, a child support action concerning a child Mr. West had with Shanet Lashay Clark, (3) a letter of complaint from James West addressed to the Texas Bar Judicial Board complaining about the procedure and outcome of the child support action regarding his child with Shanet Lashay Clark and requesting removal of various offenses from his criminal history record, (4) a letter from James West to his "Power Attorney" explaining the personal issues behind his child support dispute with Shanet Lashay Clark, and (5) various court

documents from the child support hearing concerning the child of James West and Shanet Lashay Clark, including an Order Enforcing Child Support and Medical Support Obligation.[2]

Plaintiff's Supplement to the Complaint also includes additional allegations that the Child Support Division has been "co-hursing" with the Department of Health and Human Services to tamper with Plaintiff's benefits. Supplement [#6] at 1-3. In support of these allegations, Plaintiff attaches over 70 pages concerning payment of and application for state and federal benefits to Plaintiff and her two minor children, including medical records containing personally identifiable health information of Plaintiff and her minor children. Additionally, the Supplement [#6] contains duplicate and additional documents concerning the child support proceedings between non-party James West and non-party Shanet Lashay West and their minor child.

Plaintiff has been specifically informed of the need to redact such personally identifying data as names of minor children, social security numbers of any individual, the full birth date of any individual, and financial account numbers pertaining to any individual. *See* Clerk's Letter of March 17, 2015 [#5] at 2. Because the attachments to Plaintiff's Complaint [#1] and Supplement [#6] contain voluminous amounts of the very type of personally identifiable sensitive data Plaintiff has been instructed to redact or refrain from filing, it is ORDERED that the Court Clerk shall restrict electronic access to these documents. Plaintiff is specifically and personally ORDERED to refrain from filing any further unredacted personal data of non-parties, including names of minor children, social security numbers of any individual, the full birth date of any

[2] Plaintiff has also attached to her complaint several apparently unrelated documents concerning a prior lawsuit against The Hills Apartments, Civil Action No. 4:14-CV-630-O, which was dismissed without prejudice for failure to prosecute on September 3, 2014. Plaintiff has not explained how these attachments relate to her complaint against the Attorney General's Child Support Division, nor is their connection apparent to the undersigned. After review of these materials, the undersigned is of the opinion they have no bearing on any claim asserted in the Complaint and do not impact the analysis of Plaintiff's claims for relief.

individual, financial account numbers pertaining to any individual, and personally identifiable health information of any individual.

**B. Standard of Review**

A district court "shall dismiss" a case brought in forma pauperis at any time if the court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint may be dismissed as frivolous if it lacks an arguable basis in fact or law. *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733 (1992)). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir.), cert. denied, 123 S. Ct. 660 (2002); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in fact if it encompasses claims which describe "fantastic or delusional" scenarios, or which "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33, 112 S. Ct. at 1733; *see also Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S. Ct. 1827, 1831 (1989). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

The court must also initially examine the basis for federal subject matter jurisdiction. A party seeking to invoke the jurisdiction of a federal court must prove jurisdiction is proper. *Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995). The Eleventh Amendment bars private suits in federal court against states, including state agencies, unless the state has waived, or Congress has abrogated, the state's sovereign immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100, 104 S. Ct. 900, 908-09 (1984); *Aguilar v. Tex. Dep't of*

*Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). When Eleventh Amendment immunity applies, it deprives the court of subject matter jurisdiction. *See, e.g.*, *Ross v. Tex. Educ. Agency*, 409 Fed. App'x. 765, 768 (5th Cir. 2011) (per curiam).

**C. Discussion**

"It is clear, of course, that in the absence of consent, a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. v. Halderman*, 465 U.S. 89, 101, 104 S.Ct. 900, 908-09 (1984). "[B]ecause [Plaintiff's] claims are brought against OAG, a state agency, they are barred by the Eleventh Amendment." *Little v. Texas Attorney General*, No. 3:14-CV-3089-D, 2014 U.S. Dist. LEXIS 143556, *7 (Oct. 9, 2014) (mem. op.). As the only defendant in Plaintiff's claims against the Attorney General's Child Support Division is that agency itself, this Court lacks subject matter jurisdiction over Plaintiff's claims. *Id.* [3] Accordingly, the undersigned RECOMMENDS that Plaintiff's claims be dismissed for lack of subject matter jurisdiction.

Additionally and in the alternative, even if Plaintiff were to re-plead her allegations against a proper defendant, Plaintiff's claim that the Attorney General's Child Support Division brought a child support action against her husband, James West, to retaliate against him for privately advising Plaintiff how to respond in an unrelated child support matter which took place approximately a decade earlier and to which James West was not a party is not plausible on its face, and Plaintiff has not plead factual allegations that would raise her retaliation theory beyond the level of conclusory accusations. *Twombly*, 550 U.S. at 570 127 S. Ct. at 1974. Plaintiff's

[3] The undersigned further notes that, to the extent Plaintiff attempts to assert violations of the rights of non-party, James West, Plaintiff lacks standing to bring such claims. *Crook v. Galaviz*, EP-14-CV-193-KC, 2015 U.S. Dist. LEXIS 13998 (W.D. Tex. Feb. 5, 2015) (citing *Cnty. Court of Ulster Cnty*., N.Y. v. Allen, 442 U.S. 140, 154-55, 99 S. Ct. 2213, 2223 (1979) ("A party has standing to challenge the constitutionality of a statute only insofar as it has an adverse impact on his own rights."). But, as these claims suffer from the same jurisdictional defect as the ones Plaintiff seeks to assert in her own right, the point is moot. *See Little*, 2014 U.S. Dist. LEXIS 143556 at *7.

further allegations, that the Attorney General's Child Support Division has "co-hursed" with other state and federal agencies to tamper with Plaintiff's disability benefits in order to force her to bring a child support action against Mr. West, are equally conclusory and fantastic, and are not supported by any factual allegations that would "nudge [these] claims across the line from conceivable to plausible." *Id.* In fact, Plaintiff's allegations of retaliation and conspiracy concerning the child support action against James West are not just conclusory and implausible, but "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33, 112 S. Ct. at 1733. Therefore, the undersigned alternatively RECOMMENDS that Plaintiff's claims be dismissed as frivolous.

The undersigned notes that Plaintiff Ethel Lou West has multiple claims pending before this Court, each of which the undersigned has recommended be dismissed for lack of jurisdiction, failure to state a cognizable claim for relief, and/or frivolousness. Ms. West has previously had multiple claims dismissed before the Northern District of Texas, where she is currently domiciled, for failure to prosecute and as frivolous. Under these circumstances, the undersigned specifically warns Ms. West that sanctions may become appropriate when a pro se litigant develops a history of submitting multiple frivolous claims. FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993).

Based on Ms. West's current conduct in the Western District and her past litigation conduct in the Northern District of Texas, the Court warns Ms. West that if she continues to file meritless, vague, and impossible claims, the Court may impose sanctions in the future. Such sanctions may include a broad injunction, barring her from filing any future actions in the Western District of Texas without leave of court. *See Filipas v. Lemons*, 835 F.2d 1145, 1146

(6th Cir. 1987) (order requiring leave of court before plaintiffs file any further complaints is proper method for handling complaints of prolific litigators).

**III. RECOMMENDATION**

The Magistrate Court hereby GRANTS Plaintiff's Application to Proceed In Forma Pauperis.

Because voluminous attachments to Plaintiff's Complaint [#1] and Supplement [#6] contain personal data identifiers and personally identifiable health information of nonparties, IT IS ORDERED that the Clerk of this Court shall restrict electronic access to these documents.

Plaintiff is specifically and personally ORDERED to refrain from filing any further unredacted personal data of non-parties, including names of minor children, the full social security numbers of any individual, the full birth date of any individual, complete financial account numbers pertaining to any individual, and personally identifiable health information of any individual.

The undersigned RECOMMENDS the District Court dismiss Plaintiff's cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B) and FURTHER RECOMMENDS that the District Court DENY all other pending motions and requests for relief.

**IV. WARNING**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED on April 14, 2015.

MARK LANE
UNITED STATES MAGISTRATE JUDGE